409 So.2d 203 (1982)
Robert MASTICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1095.
District Court of Appeal of Florida, Third District.
February 2, 1982.
*204 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Where neither the probation order nor transcript of plea proceeding evidenced that, as a condition of probation defendant was to report to the Probation Intake office after completion of a six-month jail term, it was error to find him in violation of probation three (3) years later for failure to report and to impose an additional six-month period of incarceration. An unmarked condition on a standard probation form is not, explicitly or implicitly, part of the agreement between the parties. Croteau v. State, 334 So.2d 577 (Fla. 1976). A probation order must sufficiently instruct the probationer as to what he must do or refrain from doing while on probation. Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978).
Reversed.