THREADGILL, Judge.
Goodrich Pratt appeals a condition of his probation that he not be affiliated with the legal profession. We find the condition unrelated to either the offense or his rehabilitation and strike the condition.
The record reflects that Pratt, a member of an out-of-state bar with an application pending before the Florida Bar was adjudicated guilty of one count of grand theft. He was sentenced to ten years in prison but was to be released on probation after serving one year. One of the conditions of his probation was that he was “not to be affiliated with the legal profession.”
The supreme court has held that a condition of probation must be reasonably related to the offense committed and the rehabilitation of the offender. Grubbs v. State, 373 So.2d 905 (Fla.1979). See also Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). We do not find that the condition of probation prohibiting this offender from “being affiliated with the legal profession” is reasonably related to the offense of grand theft or to his rehabilitation.
Further, we agree with Pratt’s argument that the condition may be unconstitutionally vague and insufficient to apprise him of which otherwise lawful acts are prohibited. Norris v. State, 383 So.2d 691 (Fla. 4th DCA 1980).
We therefore strike the condition of probation.
DANAHY, C.J., and RYDER, J., concur.