559 So.2d 105 (1990)
Elizabeth ZACHARY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02868.
District Court of Appeal of Florida, Second District.
March 30, 1990.
James Marion Moorman, Public Defender, and Phil Patterson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, Elizabeth Zachary, appeals her conviction and sentence for attempted burglary. Appellant's first point is without merit and we, therefore, affirm her conviction. We do, however, find merit in appellant's other three contentions in regard to sentencing errors.
First, appellant argues that the trial court erred in assessing $250 against her at sentencing for the Court Improvement Fund without first giving her notice and opportunity to be heard. We agree the state must provide adequate notice of assessment of costs with full opportunity to object. Jenkins v. State, 444 So.2d 947 (Fla. 1984). Accordingly, the $250 cost provision is vacated.
*106 Second, appellant's written probation order established an 11:00 p.m. curfew, but there was no mention of a curfew at appellant's sentencing hearing. A judge's written sentence must comport with the judge's oral pronouncement at sentencing. Jacobs v. State, 533 So.2d 911 (Fla. 2d DCA 1988). We, therefore, remand for correction of the written order of probation.
Third, we agree with appellant's final argument that condition fourteen of the probation order does not sufficiently apprise her of what she must do or refrain from doing. Condition fourteen, requiring her to "forfeit all weapons or tools" is vague and should be stricken. See Mastick v. State, 409 So.2d 203 (Fla. 3d DCA 1982).
We, therefore, affirm appellant's conviction and remand for correction of her sentence and order of probation as provided for herein.
SCHOONOVER and FRANK, JJ., concur.