591 So.2d 1069 (1991)
Curtis BROWN Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-2577.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Richard L. Jorandby, Public Defender, Robert Friedman, Asst. Public Defender, West Palm Beach (withdrawn after filing brief), and Sharon Bradley of Dailey & Associates, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Jacqueline Barakat, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
The appellant pled no contest to charges of sale and possession of cocaine, and possession of a firearm by a convicted felon. The appellant was then tried on another count of possession of cocaine and one count of trafficking in cocaine. After the jury returned a verdict of guilty, the appellant was sentenced to fifteen years prison time on one count of sale of cocaine, a concurrent term of seventeen years for the trafficking in cocaine, with a three-year minimum mandatory sentence, a concurrent term of five years on two other counts for possession of cocaine, and a consecutive sentence of fifteen years probation for the firearm charge. A misdemeanor marijuana possession charge was nolle prossed by the state.
As a special condition of his probation the appellant was ordered to pay $225 in court costs, a $50,000 fine, $190 in public defender's fees, $500 to the Drug Abuse Trust Fund, $2,835 in investigative fees to the Indian River Sheriff's Department and $2050 to the Florida Department of Law Enforcement. At sentencing the trial court applied legal constraint points seven times, based on the seven counts for which the appellant was adjudged guilty. We reverse the multiple application of the legal constraint points, noting that our previous holding to the contrary in Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990), has been quashed by the supreme court in Carter v. State, 586 So.2d 340 (Fla. 1991).
We first submitted this case for en banc consideration, but due to the recent decision of the Supreme Court of Florida in *1070 Flowers v. State, 586 So.2d 1058 (Fla. 1991), this court voted to dis-en banc, and the case reverted to the original panel. The supreme court clearly held in Flowers that legal constraint points should be applied only once. The matter is therefore settled and we are compelled to reverse the sentence of the appellant in the case at bar. The trial court shall, on remand, re-calculate the assessment of legal constraint points and sentence the appellant appropriately in accord with this opinion and with Flowers.
We find that the trial court erred with regard to the imposition of a public defender's fee. The appellant must be given notice and the opportunity to be heard prior to the imposition of this type of fee. In the Interest of R.B., 582 So.2d 163 (Fla. 4th DCA 1991).
The appellant's argument that he was denied due process of law with regard to the imposition of court costs has been decided by the Supreme Court of Florida in State v. Beasley, 580 So.2d 139 (Fla. 1991). There was no error in imposing these costs without a hearing on the appellant's ability to pay.
In Beasley the supreme court held that there is no need for the trial court to determine the defendant's ability to pay statutorily mandated costs unless the statute specifically requires such a determination. In the case at bar the appellant was ordered to pay $500 to the Drug Abuse Trust Fund under section 893.13(4)(b), Florida Statutes (Supp. 1990). The statute specifically requires that the defendant have the ability to pay, which was never determined by the trial court. We must therefore reverse on that point; however, if the state can show that the appellant has the ability to pay the fund then, upon resentencing, the fine can be reimposed.
We also remand for the correction of two errors on the appellant's sentencing forms. The trial court improperly assessed investigative costs as restitution on the sentencing forms and assessed the appellant with a $50,000 fine for the firearm count rather than the trafficking count. The trial court is instructed to clarify these fines and costs on resentencing; we believe these errors to be merely typographic or scrivener's errors.
We find no merit to the appellant's arguments concerning the chain of custody. Accordingly, we affirm the judgment of conviction and remand the case for resentencing and for correction of the scrivener's errors on the appellant's sentencing forms.
DOWNEY and GUNTHER, JJ., concur.