SHIVERS, Judge.
Gaal appealed the trial court’s finding of a material violation of probation and imposition of certain conditions of probation. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), concluding no other good-faith argument can be made for reversible error by the trial court, except that certain minor sentencing errors should be corrected. The evidence presented at the revocation hearing supports the finding of a violation of probation, and we affirm in that respect. Rita v. State, 470 So.2d 80 (Fla. 1st DCA), rev. den., 480 So.2d 1296 (Fla.1985); Bernhardt v. State, 288 So.2d 490 (Fla.1974). We reverse, however, and remand for entry of a written order of revocation of probation and a clarification of a condition of probation.
An affidavit of violation of probation was filed, and Gaal pled nolo conten-dere to the allegations and was sentenced to 2¾⅞ years in prison followed by one year of probation. His presumptive guidelines sentence was nonstate prison, with a permitted range up to 3½ years in prison. Although a written probation revocation order is required, none appears in the record. We direct that, on remand, the trial court enter a formal order of revocation of probation indicating the specific condition of probation violated. Cornett v. State, 506 So.2d 88 (Fla. 2d DCA 1987); Smith v. State, 492 So.2d 1099 (Fla. 4th DCA 1986).
Condition (23) of the Order of Probation orders Gaal to “abide by previously ordered conditions of probation” and essentially restates a verbal condition ordered by the trial court at the revocation hearing. Because Gaal’s extensive criminal record shows repeated instances of violation of different conditions of probation, appellate counsel suggests the trial court erred by not explicitly stating the specific cumulative conditions of probation. See Bentley v. State, 411 So.2d 1361, 1365-66 (Fla. 5th DCA), rev. den., 419 So.2d 1195 (Fla.1982). We agree, and direct the trial court to clearly delineate all applicable terms of probation, so that the probation order can sufficiently instruct Gaal as to what he must do or refrain from doing while on probation. See Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977), cert. den., 358 So.2d 128 (Fla.1978); Mastick v. State, 409 So.2d 203 (Fla. 3d DCA 1982).
After the oral pronouncement of probation conditions, the trial court added Condition (24) in the written order for appellant to report to the Gainesville Probation Office within 72 hours of his release from prison. We are urged to find error because this condition was not addressed orally. See, e.g., McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Smith v. State, 558 So.2d 534 (Fla. 1st DCA 1990); Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989). In Mastick, the appellate court held it was error for the trial court to find the defendant in violation of probation for failure to report to the probation intake office, where neither the probation order nor transcript of plea proceeding evidenced such a condition. See 409 So.2d at 204.
The facts sub judice are distinguishable, and we find no error on this specific issue. First, the trial court is not always required to orally announce the con *725 ditions of probation, see Keene v. State, 502 So.2d 503 (Fla. 1st DCA 1987), and reporting to the probation office as directed, which is a standard condition of probation permitted under section 948.03(l)(a), Florida Statutes (1989), involves merely an administrative mechanism for enforcement of probation and is not a substantive matter. Second, the statute provides constructive notice which, along with the opportunity to be heard and to raise objections at the sentencing hearing, satisfies the requirements of procedural due process. State v. Beasley, 580 So.2d 139 (Fla.1991); Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), rev. den., 593 So.2d 1052 (Fla.1991). Thus, the reporting requirement of Condition (24) may be included in the written order even if not pronounced orally at the sentencing hearing. Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
MINER and WOLF, JJ., concur.