617 So.2d 411 (1993)
Barron Thomas THOMPSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-01187.
District Court of Appeal of Florida, Second District.
April 21, 1993.
*412 James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
For an accident with injury and property damage occurring on February 20, 1991, Barron Thomas Thompson, Jr., appeals his DUI convictions and sentences for violations of section 316.193(3)(c)(2), Florida Statutes (1989), a third degree felony, and of section 316.193(3)(c)(1), a first degree misdemeanor. He argues that the misdemeanor offense is a lesser included offense of the felony and thus he may not receive two convictions and punishments. He also argues that the sentences he received are illegal departures imposed beyond what his guidelines scoresheet permitted and without having written reasons. There is no merit to the double jeopardy issue under the circumstances of this case and we affirm both DUI convictions without discussion. However, there is error in the sentences he received which requires our reversal.
Thompson's scoresheet recommended and permitted any nonstate prison sanction. He received two years' community control followed by three years' probation for the felony conviction and a concurrent one-year community control for the misdemeanor. Thompson claims that imposing community control is a departure sentence when the guidelines permit any nonstate prison sanction. He overlooks that the statute in effect at the time he committed these offenses, section 921.001(5), allows in this situation a sentence of community control or a term of incarceration not to exceed twenty-two months. The trial court did err, however, in imposing the community control for two years when the statutory limit is twenty-two months.
On the sentence for the misdemeanor offense, the court further erred in imposing one year community control. The law does not allow such sentence for a misdemeanor. York v. State, 599 So.2d 199 (Fla. 2d DCA 1992); DeLeon v. State, 536 So.2d 305 (Fla. 2d DCA 1988).
In summary, we affirm both convictions, reverse the sentences imposed, and remand for resentencing in accord with this opinion.
Affirmed.
SCHOONOVER and HALL, JJ., concur.