JOANOS, Chief Judge.
Appellant, Carlos Johnson, contests the portion of his sentence which requires him to pay a laboratory fee of one hundred dollars. He contends the trial court erred in assessing the state laboratory fee without making a determination of his ability to pay. We affirm.
A jury found appellant guilty as charged of the offenses of unlawful possession of cocaine and sale of cocaine. Based upon a guidelines sentencing range of 2lk to 3½ years, the trial court imposed concurrent 3-year sentences, with 270 days credit for time served. In addition to the term of incarceration, the trial court announced:
I am going to assess court costs and fees for a criminal case, and a hundred dollar laboratory fee. That will follow you to the Division of Corrections. If they place you on a work release program you will have to pay that.
The written sentence states in pertinent part: “In imposing the above sentence, the Court further orders pursuant to F.S. 893.-13(4)(b) that the defendant pay the $100.00 Florida Crime Assessment fees.”
As noted above, appellant asserts error in the assessment of the fee without a finding of his ability to pay, and further asserts the proper remedy is to strike assessment of the fee. The state counters that assessment of the laboratory fee was proper, the ability to pay is an affirmative defense which was not raised, and the trial court made such determination when the court stated that appellant would be able to pay if placed on work release prior to expiration of his sentence.
The provision at issue, section 893.-13(4)(b), Florida Statutes, states:
(4) Notwithstanding any provision to the contrary of the laws of this state:
[[Image here]]
*792 (b) The court may assess any defendant who pleads guilty or nolo contendere to, or is convicted of, a violation of any provision of this section, without regard to whether adjudication was withheld, in addition to any fine and other penalty provided or authorized by law, an amount of $100. Such additional assessment shall be paid to the clerk of the court, who shall forward it to the Operating Trust Fund of the Department of Law Enforcement to be used by the statewide criminal analysis laboratory system for the purposes specified in s. 943.361.
The court is authorized to order a defendant to pay such assessment if it finds that the defendant has the ability to ;pay the fine and the additional assessment and will not be prevented thereby from being rehabilitated or from making restitution.
(Emphasis supplied.)
Our research has disclosed only one case addressing the issue presented here, i.e., whether the trial court must make a finding of the defendant’s ability to pay the $100 laboratory fee authorized by section 893.13(4)(b). In Brown v. State, 591 So.2d 1069 (Fla. 4th DCA 1991), the court reversed an assessment under section 893.-13(4)(b), because the trial court failed to determine that the defendant had the ability to pay. The fourth district found the opinion in State v. Beasley, 580 So:2d 139 (Fla.1991), to be determinative of the question, noting that in Beasley, “the supreme court held that there is no need for the trial court to determine the defendant’s ability to pay statutorily mandated costs unless the statute specifically requires such a determination.” Brown, 591 So.2d at 1070. Though reversing the assessment of costs pursuant to section 893.13(4)(b), the court ruled that if the state could show the appellant had the ability to pay the fund, the assessment could be reimposed upon resen-tencing. Id.
According the language of the statute its plain and ordinary meaning, it is clear that a trial court is authorized to order a defendant to pay the laboratory fee only if the court determines the defendant has the ability to pay. The critical question is whether the determination of ability to pay must be made prior to, or contemporaneously with, the imposition of sentence and the other costs for which a criminal defendant is liable. In our view, common sense dictates that a determination of ability to pay cannot be made at the time sentence is pronounced, if the sentencing disposition includes a period of incarceration. Instead, it seems the more appropriate point at which to make such determination is at the termination of the period of incarceration, or at such time that the defendant is placed in a work release program. Only then can the defendant’s earning potential and ability to pay be ascertained adequately.
We conclude the trial court in this case implicitly made the statutory determination of appellant’s ability to pay. Albeit inart-fully phrased, we agree with the state that the trial court’s oral pronouncement that appellant would have to pay the laboratory fee if the Department of Corrections placed him on a work release program, constituted compliance with the statutory requirement, insofar as such finding could be made in conjunction with a sentence of incarceration.
Accordingly, we affirm the imposition of the $100 laboratory fee authorized by section 893.13(4)(b).
WOLF and KAHN, JJ., concur.