PER CURIAM.
Jose Alix appeals Ms conviction and sentence for grand theft. We find no reversible error affecting his conviction and affirm.
We agree, however, that the trial court imposed two special conditions of probation without orally pronouncing them at sentencing. This was error. See Zachary v. State, 559 So.2d 105 (Fla. 2d DCA 1990). Condition 4 prohibited the possession or ownership of firearms or weapons without the probation officer’s consent. We affirm the proMbition against owning or possessing firearms but we strike the remainder of condition 4. See Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992). We also strike that portion of condition 7 relating to the excessive use of intoxicants but affirm the remainder of condition 7 as a precise definition of a general prohibition that need not be orally pronounced. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
In addition, the trial court imposed an assessment for the court improvement fund with no citation to the statutory authority and imposed costs of prosecution without following the statutory procedure. Accordingly, we strike these costs. See Sutton v. State, 685 So.2d 1032 (Fla. 2d DCA 1994). On remand, the state may seek reimposition if it follows the dictates of Sutton.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and PATTERSON and BLUE, JJ., concur.