653 So.2d 407 (1995)
Christopher WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00570.
District Court of Appeal of Florida, Second District.
March 10, 1995.
Rehearing Denied April 28, 1995.
*408 James Marion Moorman, Public Defender, and John C. Fisher, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
QUINCE, Judge.
Appellant, Christopher Williams, appeals the trial court's sentence of two years' community control followed by two years' probation imposed for manufacture of cannabis. He also challenges some of the conditions of probation contained in the written sentencing order. Because the trial court did not give a written reason for the departure sentence, we remand for resentencing. The trial court must also strike special conditions of probation not orally pronounced at sentencing.
Appellant was charged by information with manufacture of cannabis, possession of cannabis and possession of drug paraphernalia. The state dropped the possession of cannabis count, and pursuant to negotiations, appellant pled nolo contendere to the other two counts. In the plea agreement and at sentencing, appellant agreed to two years' community control acknowledging this was a departure from the guidelines. The recommended sentence, under the recommended range and the permitted range of the sentencing guidelines, is any nonstate prison sanction. Appellant was sentenced to two years' community control followed by two years' probation on the manufacturing offense and one year probation on the possession count to run concurrent with the community control.
Appellant argues the two years' community control portion of his sentence should be reversed because it exceeds the maximum which can be imposed when the guidelines range is any nonstate prison sanction. We held in Thompson v. State, 617 So.2d 411 (Fla. 2d DCA 1993), that a trial court is limited to twenty-two months' community control when the guidelines range is any nonstate prison sanction. See also § 948.01(4), Fla. Stat. (1991). However, Thompson did not involve a situation where the defendant had negotiated for a particular sentence.
A plea bargain between the state and the defendant is a valid reason to depart from the guidelines. Quarterman v. State, 527 So.2d 1380 (Fla. 1988); State v. Esbenshade, 493 So.2d 487 (Fla. 2d DCA 1986). However, even under these circumstances the sentencing document must reflect a reason for departure. No reason is stated in the court's written sentencing order. Because no written reason was given for the departure sentence, we reverse the sentence imposed. On remand, the trial court must comply with our Thompson decision.
*409 Appellant also challenges some of the conditions of probation contained in the written sentencing order. We strike the following conditions: 1) appellant must not use intoxicants to excess; 2) appellant must submit to and pay for random testing for alcohol; 3) appellant shall not consume, possess, or associate with persons who use alcohol or frequent places where alcohol is the main source of business; 4) appellant must submit to and pay for an evaluation to determine whether or not he has any treatable alcohol problem,[1] and 5) appellant must pay for any drug or alcohol treatment program. These are special conditions of probation which must be orally pronounced at sentencing. See Nunez v. State, 633 So.2d 1146 (Fla. 2d DCA 1994); Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Since these conditions were not orally pronounced, they must be stricken.
This case is remanded to the trial court for resentencing consistent with Thompson and to strike the special conditions of probation not orally pronounced.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] These same conditions were imposed in regard to illegal drugs but are valid conditions of probation.