658 So.2d 593 (1995)
Deldesondro CALLAWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00259.
District Court of Appeal of Florida, Second District.
July 7, 1995.
*594 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
*595 PER CURIAM.
The appellant, Deldesondro Callaway, challenges the trial court's judgments and sentences imposed upon him after a jury found him guilty of sale of cocaine and possession of cocaine with intent to sell or deliver, in violation of section 893.13(1), Florida Statutes (1991). The appellant was adjudicated guilty and sentenced to serve two concurrent terms of three and one-half years in prison to be followed by ten years probation. This timely appeal followed.
We affirm the judgments and sentences imposed upon the appellant, however, we agree with the appellant's contention that the trial court erred by imposing certain conditions of probation and certain cost assessments.
Probation condition (3) states: "You will not possess, carry or own any weapons, firearms, or destructive devices." Since section 790.23, Florida Statutes (1991), makes it unlawful for any person convicted of a felony to own or have in his care, custody, possession, or control any firearm, that portion of condition (3) prohibiting possessing, carrying, or owning firearms is a general condition for which no oral pronouncement is needed. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). We, therefore, affirm that portion of condition (3). However, we strike the general prohibition of weapons and destructive devices in condition (3) because it was not orally pronounced at sentencing. See Fitts, 649 So.2d at 301.
Probation condition (5) states: "You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used." That portion of condition (5) which provides that appellant shall not use intoxicants to excess is a special condition of probation which must be orally pronounced at sentencing. Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995). Since it was not, it must be stricken. However, we affirm the remaining portion of that condition prohibiting appellant from visiting places where intoxicants are unlawfully sold, dispensed, or used since it is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. Chitty v. State, 20 Fla. L. Weekly D76, ___ So.2d ___ [1994 WL 714418] (Fla. 2d DCA Dec. 28, 1994).
Probation condition (18) states: "You shall not (consume any alcohol/illegal drugs) (be in possession of alcohol or illegal drugs) (associate with persons who use alcohol or illegal drugs) (frequent places where alcohol is the main source of business or illegal drugs are used)." Those portions of condition (18) which provide that the appellant shall not consume alcohol, possess alcohol, associate with persons who use alcohol, or frequent places where alcohol is the main source of business, are special conditions of probation which must be orally pronounced at sentencing. Williams. Since they were not orally pronounced they must be stricken. We also strike that portion of condition (18) which prohibits the appellant from associating with persons who use illegal drugs since it is too vague and capable of unintentional violation. Alvarez v. State, 593 So.2d 289 (Fla. 2d DCA 1992). Furthermore, we strike that portion of the condition which prohibits the appellant from frequenting places where illegal drugs are used since the places the appellant is to avoid are not specifically defined. Alvarez, 593 So.2d at 290. However, we affirm pursuant to Alvarez those portions of the condition which prohibit the appellant from consuming and possessing illegal drugs.
With regard to costs, we strike the imposition of $888 in court costs and the "cost/fine" of $633 because no statutory authority was cited for them. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). We also strike the $300 in public defender fees because the trial court failed to give the appellant notice and an opportunity to be heard regarding the imposition of those fees. See Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993). Lastly, we strike the imposition of $100 to the FDLE for laboratory services since the trial court failed to determine the appellant's ability to pay. See Johnson v. State, 620 So.2d 791 (Fla. 1st DCA 1993). Upon remand, the state may seek to reimpose those costs in accordance with the law. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
*596 We, accordingly, strike the portions of conditions (3), (5), and (18) of the probation order improperly imposed upon the appellant and the public defender fees and costs mentioned above. We affirm the judgments and sentences in all other respects.
Affirmed as modified.
RYDER, A.C.J., and SCHOONOVER and LAZZARA, JJ., concur.