PATTERSON, Judge.
The appellant challenges his judgment and sentence for possession of cocaine. Appellate counsel has filed an Anders brief. We agree with the appellant’s counsel that there are no meritorious grounds for appeal as to the conviction and, therefore, affirm in part; however, we reverse certain probation conditions and costs which the trial court improperly imposed.
The following conditions were not orally pronounced at sentencing and must be stricken: condition (3), which prohibits the appellant from carrying weapons, Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995); and condition (5), which prohibits the appellant from using intoxicants to excess, Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995), and from visiting places where unlawful drugs are used. Alvarez v. State, 593 So.2d 289 (Fla. 2d DCA 1992). Condition (18), which prohibits the appellant from associating with persons who use illegal drugs, must also be stricken since it is vague and capable of unintentional violation. Alvarez, 593 So.2d at 290.
The trial court also improperly imposed certain costs. The $2 cost pursuant to section 943.25(13), Florida Statutes (1993), is a discretionary cost which was not announced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). No statutory authority was cited for the $33 cost/fine. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). The trial court failed to determine the appellant’s ability to pay the $100 for FDLE lab work. See Callaway v. State, 658 So.2d 593 (Fla. 2d DCA 1995); Johnson v. State, 620 So.2d 791 (Fla. 1st DCA 1993). Accordingly, we strike these costs.
Affirmed in part; reversed in part.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.