FRANK, Judge.
Tony Green was charged with possession of cocaine with intent to sell. A jury convicted him and the trial court sentenced him to two years of community control succeeded by probation for three years. The trial court imposed special and general conditions upon Green’s community control and probation.
Our review of this matter results in an affirmance of the trial court’s order, the judgment, and the sentence but we strike certain of the seventeen conditions and the costs appended to his sentence. Thus, that aspect of condition four barring Green from carrying weapons was not pronounced at sentencing and must be stricken. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). Similarly, condition fifteen requiring Green to maintain an hourly accounting on a daily log of all his activities was not announced at sentencing and must be stricken, Vinyard, v. State, 586 So.2d 1301 (Fla. 2d DCA 1991), and, for the same reason, we strike the condition prohibiting him from the use of intoxicants to excess. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). We also strike that portion of condition eleven requiring him to pay for random drug testing ordered by his probation officer. Williams v. State, 653 So.2d 407 (Fla. 2d DCA), review granted, 659 So.2d 1089 (Fla.1995).
Finally, from the $255.00 total court costs imposed on Green, we strike the $2.00 imposed pursuant to section 943.25(13), Florida Statutes (1993). That assessment is dis *433 cretionary and must be orally pronounced. Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA1995).
Apart from that which we have eliminated from Green’s sentence, his conviction and sentence are affirmed.
DANAHY, A.C.J., and CAMPBELL, J., concur.