PER CURIAM.
Doehler Head challenges certain conditions of probation/community control and costs and fee items imposed after he pleaded nolo contendere to credit card fraud, forgery and tampering with a witness. Head was sentenced to time served on the credit card fraud charge, two years’ community control followed by three years’ probation on the tampering charge, and five years’ probation on the forgery charge with that probation to run consecutive to the community control and probation imposed for tampering with a witness. We affirm this disposition but remand to strike certain conditions of probation/community control and costs.
Head challenges all or a part of ten conditions of probation/eommunity control. We remand for modification or deletion of two of them. The other eight are general conditions of probation/community control contained in the statutes or on the forms attached to the rules and need not be orally pronounced at sentencing. State v. Hart, 668 So.2d 589 (Fla.1996). Condition 15 which requires Head to keep an hourly log is a special condition of probation/eommunity control which was not orally pronounced and is hereby stricken. Green v. State, 667 So.2d 432 (Fla. 2d DCA 1996). We also strike the portion of condition 12 which requires Head to pay for blood, alcohol, breathalyzer and *282 urinalysis testing. This is a special condition which must be orally pronounced before imposition. Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996).
Finally, we strike the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1995). This is a discretionary cost item which must be orally pronounced before imposition. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
The judgments and sentences are otherwise affirmed.
THREADGILL, C.J., and ALTENBERND and QUINCE, JJ., concur.