CASANUEVA, Judge.
Sheila Wilson was charged with driving under the influence of alcohol resulting in death and driving while license suspended resulting in death, based on an accident she was involved in on August 19, 1997, when she had a blood alcohol level of .175. She pleaded to the charges and was sentenced in accordance with the plea agreement to twelve years’ incarceration followed by two years’ probation for the first charge and to time served for a lessor-included offense of the second. On appeal, her counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991), finding no *224 meritorious argument to support the contention that the trial court committed reversible error in this case, except for a minor sentencing error. After complete review of the appellate record, we agree.
In the order of probation, the trial court imposed condition eighteen, which precluded Ms. Wilson from associating with “persons who use illegal drugs.” In Flor v. State, 658 So.2d 1176 (Fla. 2d DCA 1995), we found such a condition unenforceable because it was too vague and capable of unintentional violation. See also Callaway v. State, 658 So.2d 593, 595 (Fla. 2d DCA 1995). The trial court found to the contrary, as expressed in its order on Ms. Wilson’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), that condition eighteen was permissible based on section 948.03(j), Florida Statutes (1997). The trial court reasoned that the statute precluded probationers from associating with persons engaged in criminal activities, and because persons using illegal drugs are engaging in criminal activities, Ms. Wilson may be precluded from associating with them. We appreciate the argument but the trial court is bound by our prior decisional law, as expressed in Flor and Callaway finding this condition unenforceable.
Accordingly, we affirm the convictions and sentences except that we remand the case to the trial court with instructions to strike that portion of condition eighteen of the order of probation that precludes Ms. Wilson from associating with persons who use illegal drugs.
DAVIS and CANADY, JJ., Concur.