HARRISON, Judge Pro Tem.
I,The defendant, Eric D. Walter, pled guilty to one count of possession with intent to distribute a Schedule I controlled dangerous substance, marijuana. Pursuant to the terms of his plea agreement, he was sentenced to serve 15 years at hard labor. He was also ordered to pay a fine of $5,000 plus court costs, through the inmate banking system, or to serve 60 days in lieu of payment of the fíne. Pursuant to a writ grant by this court, the defendant was allowed to bring an out-of-time appeal. His appellate counsel filed a motion to withdraw, together with an An-ders/Benjamin [1] brief. The motion to withdraw is granted and the defendant’s conviction and sentence are affirmed.
FACTS
The defendant was charged by bill of information with one count of conspiracy to distribute a controlled dangerous substance, marijuana, and one count of possession with intent to distribute a controlled dangerous substance, marijuana. On February 14, 2011, the defendant appeared before the trial court, with retained counsel, and entered a plea of guilty to the charge of possession with intent to distribute a controlled dangerous substance, marijuana. Under the plea agreement, the defendant was to receive an agreed-upon sentence of 15 years at hard labor, with credit for time served, and with the imposition of a fine and court costs to be paid through inmate banking.
According to the facts recited by the state at the defendant’s guilty plea hearing, on February 18, 2009, during a narcotics investigation 12concerning the defendant and two other individuals, it was learned that the defendant supplied one of the other individuals with marijuana for sale. The marijuana was retrieved from that individual and was determined by the crime lab to be marijuana. The trial court advised the defendant of his Boykin[2] rights and informed him of the minimum and maximum sentences that could be imposed. He was also informed that he did not have the right to appeal. The defendant stated that he was pleading guilty because he was, in fact, guilty. The trial court accepted the plea as being made freely and voluntarily without anyone having forced or coerced him to do so.
The defendant was sentenced to the agreed term of imprisonment of 15 years at hard labor, to run concurrently with any other sentence. Credit was given for time served. The defendant was also ordered to pay a fine of $5,000 through inmate banking, plus costs, or to serve 60 days in lieu of payment of the fine. The defendant was properly informed of the time limits for filing for post-conviction relief.
On June 2, 2011, the defendant filed in the trial court a motion for production of documents, seeking copies of the guilty plea colloquy, sentencing transcript, and Boykinization. The defendant alleged that his guilty plea was invalid because he did not knowingly and intelligently waive his rights under Boykin. On June 3, 2011, the trial court signed an order granting the defendant’s motion for production of documents.
On June 27, 2011, the defendant filed in the trial court a motion for home incarceration, arguing that he is a 37-year-old *113 three-time felony | ^offender who had served four months of his 15-year sentence, that he had rehabilitated himself, and should be considered for “electronic monitoring supervision.” The motion was denied by the trial court on July 1, 2011.
On July 21, 2011, the defendant filed a notice of intent to apply for “supervisory writs/appeal.” The defendant argued that his sentence is excessive. On July 25, 2011, the trial court refused to grant the writ as untimely and because the defendant waived his right to appeal.
The defendant filed a writ application with this court seeking review of the trial court’s denial of his notice of intent to apply for supervisory review/appeal, which sought review of his sentence. This court had only the trial court minutes to review on the writ application and those minutes did not reflect that the defendant had an agreed-upon sentence, waiving his right to appeal. On September 22, 2011, based upon the record before us, we granted the writ and remanded the matter to the trial court for consideration of an out-of-time appeal. We specified that, if the trial court denied the request again, it should provide written reasons to this court.[3]
On September 27, 2011, the trial court granted the defendant an out-of-time appeal. The defendant’s appellate counsel filed an Anders brief, seeking to withdraw. The defendant’s counsel stated that he could not find any nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 658 So.2d 1176; and State v. Benjamin, supra. The brief outlined the procedural history of the case and the facts set forth by the prosecution, as previously noted. The brief contained a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing. State v. Jyles, supra. The state filed a letter with the court agreeing that there are no nonfrivolous issues to raise on appeal and declining to file a brief.
Appellate counsel verified that copies of the motion to withdraw and the appellate brief were mailed to the defendant in accordance with the Anders, Jyles, Mouton, and Benjamin cases. The defendant was also supplied with the pro se briefing notice.
On June 29, 2012, the defendant mailed to this court his notice of intent to file a pro se brief in which he stated that he would file his brief by July 25, 2012. On July 12, 2012, this court issued an order stating that appellate counsel’s motion to withdraw was being held in abeyance. The defendant was notified that he could file his own brief in this appeal within 30 days of the date of the order. The defendant was given 10 days to file a written request to view the appellate record. The defendant did not request the record and has not filed a brief in this matter.
DISCUSSION
This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceed *114 ings. Furthermore, the defendant is | ^precluded from seeking review of his sentence because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2.
CONCLUSION
The motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Upon review of the transcript of the guilty plea colloquy, it is clear that the defendant pled guilty with an agreed-upon sentence set forth in the record at the time of the plea. Under La. C. Cr. P. art. 881.2(A)(2), the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. At the time of the guilty plea, the defendant was informed that he waived his right to appeal. The trial court correctly denied the appeal on July 25, 2011, but the record before us was not sufficient to affirm the trial court's action.