PER CURIAM.
Justin Randolph Demott (the defendant) appeals his judgment and sentence. Because the defendant knowingly and voluntarily entered a guilty plea and his sentence is legal, we affirm.
The defendant argues that a special condition of his probation requiring him to abstain entirely from associating with anyone who is illegally using drugs was improper. We disagree.
Section 948.03(l)(k), Florida Statutes (2012) provides, in pertinent part:
*521 948.03. Terms and conditions of probation
(1) The court shall determine the terms and conditions of probation... .These conditions may include among them the following, that the probationer or offender in community control shall:
[[Image here]]
(k) Not associate with persons engaged in criminal activities.
Since a person illegally using drugs is engaged in criminal activities, the defendant’s probationary condition is expressly authorized by the statute. See Jaworski v. State, 650 So.2d 172, 173 (Fla. 4th DCA 1995); Waters v. State, 520 So.2d 678, 679-80 (Fla. 1st DCA 1988).
We recognize that the Second District reached the opposite conclusion in Callaway v. State, 658 So.2d 593 (Fla. 2nd DCA 1995), wherein the court struck an identical special condition of probation, concluding that prohibiting the defendant from associating with persons who use illegal drugs was “too vague and capable of unintentional violation.” Id. Accord Flor v. State, 658 So.2d 1176, 1176 (Fla. 2d DCA 1995). In Wilson v. State, 857 So.2d 223 (Fla. 2d DCA 2003), the Second District revisited the issue. There, as in the instant case, the defendant filed a rule 3.800(b)(2) motion challenging the probationary condition prohibiting him from associating with persons who use illegal drugs. Id. at 224. In denying the motion, the trial court held that the condition was permissible because section 948.03 “precluded probationers from associating with persons engaged in criminal activities, and because persons using illegal drugs are engaging in criminal activities, Ms. Wilson may be precluded from associating with them.” Id. Although the Second District “appreciated” the trial court’s reasoning, the court ultimately struck the probationary condition because “the trial court is bound by our prior decisional law, as expressed in Flor and Callaway finding this condition unenforceable.” Id. Notably, the Second District has approved a probationary condition similar to the one imposed in the instant case. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994) (holding that prohibiting appellant from visiting places where certain substances are unlawfully sold, dispensed, or used is valid as a more precise defining of conduct prohibited under section 948.03).
The probationary condition in this case is not more vague than the condition approved in Tomlinson or the condition specifically authorized by section 948.03, Florida Statutes. Also, the defendant has not challenged the validity of section 948.03. If the statute is not invalid then the instant condition of probation, which is simply a more precise defining of conduct prohibited by the statute, is not invalid.
Accordingly, we affirm the defendant’s sentence, but certify conflict with Calla-way.
AFFIRMED; CONFLICT CERTIFIED.
PALMER, LAWSON and EVANDER, JJ., concur.