# Supreme Court of Florida

_____

No. SC15-868
_____

**JUSTIN RANDOLPH DEMOTT,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[June 23, 2016]

LABARGA, C.J.

This case is before the Court for review of the decision of the Fifth District Court of Appeal in Demott v. State, 160 So. 3d 520 (Fla. 5th DCA 2015). The district court certified that its decision is in direct conflict with the decision of the Second District Court of Appeal in Callaway v. State, 658 So. 2d 593 (Fla. 2d DCA 1995). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we hold that Demott's special condition of probation, "you will not associate with anyone who is illegally using drugs," is not unconstitutionally vague. However, we also emphasize that in order to prove a violation of the condition, the State must prove—by a preponderance of the

evidence—the probationer's knowledge that the person with whom he associated was illegally using drugs at the time of the alleged violation. Our resolution of this case turns solely on the language that we approve in this decision. Therefore, no discussion of the alleged conflict case is required.

## FACTS AND PROCEDURAL BACKGROUND

In 2014, petitioner Justin Demott pled no contest to one count of aggravated child abuse and two counts of simple child abuse. He was sentenced to 144 months in state prison, followed by 60 months of drug offender probation for aggravated child abuse. He received 60 months in prison on each count of simple child abuse, to run concurrently with the prison sentence for aggravated child abuse. Because Demott was not sentenced on a specifically enumerated offense that permitted a sentence to drug offender probation, his drug offender probation was later modified to regular probation with special conditions. The amended special condition at issue reads as follows: "You will abstain entirely from the use of . . . illegal drugs, and you will not associate with anyone who is illegally using drugs."

On appeal, Demott argued that the special condition prohibiting him from associating with anyone who is illegally using drugs is improperly vague. Demott, 160 So. 3d at 520. The district court disagreed and concluded that the condition is no more vague than the condition approved in Tomlinson v. State, 645 So. 2d 1

(Fla. 2d DCA 1994) (holding that prohibiting appellant from visiting places where drugs are unlawfully sold, dispensed, or used is valid as a more precise defining of conduct prohibited under section 948.03, Fla. Stat. (1991)). The court also concluded that the condition is no more vague than the general condition contained in section 948.03(1)(k), Florida Statutes (2012) (probationer shall "[n]ot associate with persons engaged in criminal activities"). Id. at 521. The court reasoned that "[s]ince a person illegally using drugs is engaged in criminal activities, the defendant's probationary condition is expressly authorized by the statute." Id. The district court having upheld the special condition, Demott petitioned this Court for review, and this Court accepted jurisdiction.

## ANALYSIS

The issue before this Court is whether the following special condition of probation imposed on Demott is invalid on vagueness grounds: ". . . you will not associate with anyone who is illegally using drugs." This issue presents a pure question of law subject to de novo review. Sanders v. State, 35 So. 3d 864, 867 (Fla. 2010) (citing Sims v. State, 998 So. 2d 494, 504 (Fla. 2008)). We begin with a general overview of the law governing probationary sentences and then turn to the special condition at issue in Demott.

**Probation, Generally**

The Florida Statutes governing probation are set forth in chapter 948, entitled "Probation and Community Control." Section 948.001(8), Florida Statutes (2015), defines probation as "a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03." As this Court has observed, "the grant of probation 'rests within the broad discretion of the trial judge and is a matter of grace rather than right.' " Lawson v. State, 969 So. 2d 222, 229 (Fla. 2007) (quoting Bernhardt v. State, 288 So. 2d 490, 494 (Fla. 1974)). To that end, "[b]ecause probation is a 'matter of grace,' even where statutes authorize a grant of probation to those who have been found guilty of criminal violations, trial courts are not required to extend the privilege." Id. (quoting Roberts v. State, 154 So. 2d 695, 696-97 (Fla. 2d DCA 1963)).

While not unfettered, the trial court has broad discretion in determining what probation conditions to impose. This discretion is set forth in section 948.03(1), Florida Statutes (2015), which provides that the trial court is vested with the authority to "determine the terms and conditions of probation." Where a trial court determines that it is appropriate to sentence an offender to probation, due process requires that "the trial court and the probation order . . . adequately place the probationer on notice of conduct that is both required and prohibited during the

probationary period." Lawson, 969 So. 2d at 230 (citing Hines v. State, 358 So. 2d 183, 185 (Fla. 1978)). "Fundamental fairness requires that a defendant be placed on notice as to what he [or she] must do or refrain from doing while on probation." Id. (quoting Hines, 358 So. 2d at 185).

"However, [p]robation orders need not include every possible restriction so long as a reasonable person is put on notice of what conduct will subject him or her to revocation." Id. at 235. "[A] condition of probation should 'provide reasonable individuals of common intelligence the basis to know and understand its meaning.' " Id. (quoting Lawson v. State, 941 So. 2d 485, 489 (Fla. 5th DCA 2006)). "Although the conditions should be clearly set out and must mean what they say, every detail need not be spelled out and the language should be interpreted in its common, ordinary usage." Id.

A violation of probation may result in the revocation, modification, or continuation of probation; additionally, a probationer may be placed under community control, which is a more intensive form of supervision. § 948.06(2)(a) & (e), Fla. Stat. (2015). "Trial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence." State v. Carter, 835 So. 2d 259, 261 (Fla. 2002) (emphasis added).

**Demott**

Section 948.03 provides a list of sixteen conditions of probation that are deemed a standard part of any probation sentence. See § 948.03(1), Fla. Stat. (2015). One of these standard conditions, set forth in section 948.03(1)(k), states that the probationer shall: "Not associate with persons engaged in criminal activities." Demott is subject to this standard condition of probation as well as the following special condition: "You will abstain entirely from the use of . . . illegal drugs, and you will not associate with anyone who is illegally using drugs." Demott does not challenge the validity of section 948.03(1)(k). However, he maintains that the special condition—that prohibits him from associating with anyone who is illegally using drugs—is vague because it does not clearly proscribe particular forms of conduct. As a result, he submits, he is subject to committing an unintentional violation of the special condition.

In Demott, the Fifth District correctly acknowledged the valid purpose of the special condition imposed by the trial court: "Since a person illegally using drugs is engaged in criminal activities, the defendant's probationary condition is expressly authorized by the statute." Demott, 160 So. 3d at 521. The district court then rejected Demott's argument that the special condition is vague, in part because it "is not more vague than the condition . . . specifically authorized by section 948.03, Florida Statutes." Id. The district court concluded: "If the statute

- 6 -

[prohibiting association with persons engaged in criminal activities] is not invalid then the instant condition of probation, which is simply a more precise defining of conduct prohibited by the statute, is not invalid." Id. We agree.

In reaching its decision, the district court concluded that the special condition in Demott is no more vague than the one approved by the Second District in Tomlinson. In that case, the Second District upheld the condition that prohibited "visit[ing] places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." Tomlinson, 645 So. 2d at 1. The court concluded the restriction was "valid as a more precise defining of conduct prohibited under section 948.03(1)(i), Florida Statutes (1991), which states as an accepted condition of probation that an offender may 'not associate with persons engaged in criminal activities.' " Id. We conclude that like Tomlinson, prohibiting Demott from associating with anyone who is illegally using drugs is a valid, more precise definition of associating with persons engaged in criminal activities.

Moreover, the special condition in this case does not rise to the level of probation conditions deemed vague in other cases. For instance, in Pratt v. State, 516 So. 2d 328 (Fla. 2d DCA 1987), the appellant, a member of an out-of-state bar and a Florida Bar applicant, was convicted of grand theft. He was sentenced to ten years in state prison but was placed on probation after one year and ordered "not to

- 7 -

be affiliated with the legal profession." Id. The appellant challenged the condition on vagueness grounds and prevailed because "the condition may be unconstitutionally vague and insufficient to apprise him of which otherwise lawful acts are prohibited." Id. Similarly, a condition "requiring [the appellant] to 'forfeit all weapons or tools' " was deemed vague in Zachary v. State, 559 So. 2d 105, 106 (Fla. 2d DCA 1990).

Demott is distinguishable from Pratt and Zachary, in which the challenged conditions of probation failed to sufficiently describe the prohibited conduct such that a reasonable person would understand what conduct is prohibited. In contrast, in Demott, prohibiting association with someone who is illegally using drugs is sufficient to apprise Demott of what conduct is prohibited.

### Knowledge Requirement

Demott asserts that the special condition must expressly require that he knowingly associate with someone who is illegally using drugs. We disagree with Demott's argument to the extent that we conclude that a knowledge element does not have to be expressly stated in the special condition. However, while we uphold the special condition challenged by Demott, we clarify that a knowledge component is implicit in the condition, because a violation of probation must be willful and substantial in order to justify revocation. Lawson, 969 So. 2d at 230. Thus, if Demott is accused of violating the special condition, the State would be

required to prove by a preponderance of the evidence that he willfully associated with persons illegally using drugs. See Knite v. State, 102 So. 3d 691, 693-94 (Fla. 4th DCA 2012) (holding that "where the State seeks to establish a violation based upon a defendant's associating with persons engaged in criminal activity, there must be evidence that the defendant was aware those he was associating with were engaged in criminal activity").

## CONCLUSION

For these reasons, we hold that the special condition prohibiting Demott from associating with anyone who is illegally using drugs is not unconstitutionally vague. We further clarify that the probationer's knowledge is implicit in a violation of such a condition, and in order to prove a violation, the State is required to prove by a preponderance of the evidence the probationer's knowledge that the person with whom he associated was illegally using drugs at the time of the violation. We therefore approve the Fifth District Court of Appeal's decision in Demott, to the extent that it is consistent with this opinion.

It is so ordered.

PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Fifth District - Case No. 5D14-1342

(St. Johns County)

James S. Purdy, Public Defender, and Kevin Richard Holtz, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Wesley Harold Heidt, Bureau Chief, Daytona Beach, Florida,

for Respondent