COWART, Judge.
This is an appeal from an order revoking probation for violation of five conditions of probation.
We have reviewed the appealed order, the record and briefs and find there is substantial competent evidence to support a finding that the appellant had sufficient ability to pay the cost of supervision as directed in his probation order.[1] It was a matter of priorities and appellant chose to use the little money he had for other purposes. There was also sufficient evidence to show that appellant knowingly drew a worthless check thereby violating the worthless check statute[2] and the condition of his probation that he not violate any law.
There is a third reason revocation was proper. The probation order directed appellant to comply with all instructions of his probation officer. Appellant had previously pled guilty to a violation of his probation and had been restored to probation on the court imposed condition that he attend and successfully complete a program at a probation and restitution center. While a resident at the center he was specifically instructed to write no checks without the express approval of his probation supervisor. Appellant disregarded this directive and wrote two checks. We uphold the trial court’s finding that this action violated the provision of the probation order directing the probationer to comply with all instructions of his probation officer.
Probation is supervision and control with the hope of rehabilitation. While only the court can set conditions of probation, the judge cannot personally supervise; he cannot set forth a complete guide book of directions in an order of probation. Instead, he properly delegates to the probation supervisor the giving of specific instructions necessary for effective and successful supervision. The court retains complete control over determination of the reasonableness and necessity of instructions given and the materiality of alleged violations. § 948.06(1), Fla.Stat. (1979); Watkins v. State, 368 So.2d 363 (Fla. 2d DCA 1979).[3] The instruction violated by appellant was specific, clear, reasonable, and, in the opinion of both the trial judge and the probation supervisor, necessary for effective supervision and control. The violation was substantial, material and willful. Appellant’s first opportunity on probation was unsuccessful and the trial judge gave him one further chance at the probation and restitution center in order to avoid his imprisonment. Close supervision and control at the center was of the essence of the reinstated probation although in this instance it was unsuccessful. The trial court was of the opinion that the probation and restitution center system is a good concept and that it will not work without supervision by probation officers with authority by court order to give meaningful instructions to probationers. We agree.
The trial court expressly did not find appellant to have violated Conditions 9 and 11 of his probation order but, apparently through clerical error, violations of these *617 two conditions were recited in the order of revocation. Although that erroneous recital is harmless it is hereby stricken and the order of revocation of probation, as corrected, and the judgment and sentence are
AFFIRMED.
ORFINGER and SHARP, JJ., concur.

. See, e. g., Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975).

. § 832.05, Fla.Stat. (1979).

. We are aware that the holding in Watkins is not consistent with Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978), Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978), and Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977).