548 So.2d 812 (1989)
Joe Pat ROWLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1336.
District Court of Appeal of Florida, First District.
September 7, 1989.
*813 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant pled nolo contendere to one count of possession of a controlled substance, specifically reserving his right to challenge the trial court's order denying his motion to suppress the cocaine seized in a warrantless search of his truck. We find that the stop and search was reasonable, and we affirm the order denying the motion to suppress.
Appellant also challenges the order placing him on probation, asserting first that the court failed to comply with due process requirements in imposing certain monetary costs. The state concedes this issue. We reverse and remand with directions that the trial court afford appellant notice and opportunity to object to the imposition of the costs. Shipley v. State, 528 So.2d 902 (Fla. 1988); Mays v. State, 519 So.2d 618 (Fla. 1988); Moore v. State, 530 So.2d 61 (Fla. 1st DCA 1988).
Appellant contends next that, at the sentencing hearing, the trial court pronounced that he should "be gainfully employed for at least thirty hours per week." However, condition 7 of the written order only required appellant to "work diligently at a lawful occupation." He asserts that the condition must be modified to read: "Maintain full-time gainful employment of not less than thirty (30) hours per week or actively seek gainful employment." The state concedes this issue. Upon remand, we direct the trial court to conform its oral pronouncement requiring gainful employment of 30 hours per week with the written order setting forth the conditions of probation.
The next issue concerns condition 14 of the probation order, which provides: "You will receive alcohol, drug and psychological evaluation and counseling as directed by your probation officer." Appellant argues that the trial court impermissibly delegated to the probation officer the exclusive authority to require that appellant attend the treatment and counseling, citing Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982). In Holterhaus, the trial court imposed, as a condition of probation, that the probationer comply with all instructions given by his probation officer. The probation officer directed the probationer to complete a drug rehabilitation program. The probationer's subsequent failure to complete the program led to the revocation of his probation. The Second District Court of Appeal reversed, holding that the court-ordered condition neither authorized nor encompassed the probation officer's directive; nor did the directive constitute a routine supervisory function of the probation officer. Id. at 292.
Appellant's reliance on Holterhaus is misplaced. While only the court can impose conditions of probation, it may delegate the normal supervision of those conditions to the probation officer. Draper v. State, 403 So.2d 615, 616 (Fla. 5th DCA 1981). Such delegation is necessary for effective and successful supervision of the probation. Id. We agree with the state that condition 14 expressly requires that appellant undergo the alcohol, drug and psychological evaluation and counseling. A reasonable interpretation of the "as directed by" language of the condition indicates that the probation officer should routinely supervise and monitor the evaluation and counseling. The condition as articulated by the court does not unlawfully delegate to the probation officer the judicial responsibility of setting terms and conditions of probation.
Appellant suggests that section 948.03(6), Florida Statutes (1987), provides the *814 proper method for ordering diagnosis and treatment of offenders thought to need mental health services. Appellant misreads section 948.03(6), which applies solely to probationers or offenders in community control who have committed certain pedophilic offenses. The statute requires that, once a court makes a determination that treatment is necessary, it shall order outpatient counseling as a term or condition of the probation or community control. Section 948.03 enumerates a non-exhaustive list of specific kinds of terms and conditions of probation or community control that a court may impose. While alcohol, drug and psychological evaluation and counseling is not specifically included in the list, section 948.03(7) provides that the court may add other terms and conditions as it considers proper.
Appellant also attacks on appeal the condition requiring him to submit to psychological evaluation and counseling. He contends that the condition should be stricken because it does not conform with the trial court's oral pronouncement at disposition, which only referred to the alcohol and drug evaluation and counseling. The state responds that the written condition did conform with the court's oral pronouncement that appellant submit to "counseling" as well as alcohol and drug "evaluation." We disagree with the state's interpretation of the oral pronouncement. A trial court's oral pronouncement controls over its written order. Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984). The inclusion of special conditions of probation in a written order that were not orally pronounced at the sentencing hearing mandates a reversal and remand for correction of the written order to conform to the oral pronouncement. Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989).
Appellant's final argument is that the condition 13, requiring submission to urinalysis testing, and condition 6, prohibiting use of intoxicants in excess, must be stricken from the probation order because they were not reasonably related to the offense for which appellant was placed on probation; nor were they imposed for the protection of the public or for appellant's rehabilitation. However, appellant failed to object to either condition at the sentencing hearing. The failure to object to a condition of probation constitutes acceptance of that condition. See Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), rev. den., 419 So.2d 1195 (Fla. 1982).
In any event, the state argues that the conditions are reasonable and the probation order does not require that appellant completely refrain from drinking alcohol. We agree with the state. The conditions are reasonably related to the conviction for possession of a controlled substance. See Smith v. State, 513 So.2d 1367 (Fla. 1st DCA 1987) (no abuse of discretion in ordering abstention from alcohol where probationer was convicted of possession of cocaine). Additionally, the trial court did not order complete abstention from alcohol; it only ordered that appellant refrain from using intoxicants in excess or to visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
Accordingly, we AFFIRM the order denying appellant's motion to suppress, but we REVERSE the order placing appellant on probation and REMAND with instructions that the trial court give appellant notice and opportunity to object to the imposition of court costs and that the court conform its written order of probation to its oral pronouncement made at the disposition hearing.
SHIVERS, C.J., and ZEHMER, J., concur.