PER CURIAM.
John William Morton has appealed from a written sentence imposed after his plea of nolo contendere to aggravated assault and arson. We reverse only as to the written sentence imposed for aggravated assault, and remand for correction of that sentence to conform with the oral pronouncement thereof.
Morton pled nolo contendere to aggravated assault, a third-degree felony, and arson. The trial court thereafter orally imposed a sentence of 5 years for aggravated assault, and of 9 years incarceration followed by 10 years probation for arson (the propriety of the latter sentence is not at issue). However, the written sentence for aggravated assault reflected 5 years incarceration followed by 10 years probation.
Morton argues that the sentence imposed for aggravated assault is illegal, in that the total of the incarcerative and probationary terms (15 years) exceeds the 5-year statutory maximum for a third-degree felony, § 775.082(3)(d), Fla.Stat. (1989). The state acknowledges that this is an illegal sentence, but points out that the trial court orally pronounced a legal sentence. Because a trial court's oral pronouncement prevails over its written order, Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989), this court should simply reverse the sentence for aggravated assault, and remand for entry of a written sentence which conforms to the oral pronouncement.
If the trial court imposes a split sentence (a combination of state prison and probation supervision), the total sanction shall not exceed the term provided by general law. See Comment to Rule 3.701d.l2., Florida Rules of Criminal Procedure. Although the written sentence imposed herein for aggravated assault is illegal as contrary to this rule, the trial court orally pronounced a legal sentence for this offense which prevails over the incorrect written order. Rowland. Therefore, we reverse the written sentence imposed for aggravated assault herein, and remand for entry of a written sentence which conforms to the trial court’s oral pronouncement.
Reversed and remanded with directions.
JOANOS, C.J., and ERVIN and BOOTH, JJ., concur.