674 So.2d 123 (1996)
Laurie G. JUSTICE, Petitioner,
v.
STATE of Florida, Respondent.
No. 86264.
Supreme Court of Florida.
May 23, 1996.
*124 Terrence E. Kehoe of the Law Offices of Terrence E. Kehoe, Orlando, for Petitioner.
Robert A. Butterworth, Attorney General and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We have for review Justice v. State, 658 So.2d 1028 (Fla. 5th DCA 1995), which passed upon the following question certified to be of great public importance:
WHERE A SENTENCE IS REVERSED BECAUSE THE TRIAL COURT FAILED TO ORALLY PRONOUNCE CERTAIN SPECIAL CONDITIONS OF PROBATION WHICH LATER APPEARED IN THE WRITTEN SENTENCE, MUST THE COURT SIMPLY STRIKE THE UNANNOUNCED CONDITIONS, OR MAY THE COURT ELECT TO "REIMPOSE" THOSE CONDITIONS AT RESENTENCING?
Id. at 1034.
The decision under review also expressly and directly conflicts with numerous opinions out of the First, Second, and Fourth District Courts of Appeal.[1] We have jurisdiction. Art. V, § 3(b)(3), (4), Fla. Const. For the reasons expressed below, we hold that special conditions of probation must be imposed at sentencing and may not be imposed at resentencing.

TRIAL AND APPELLATE PROCEEDINGS
The petitioner, Laurie Justice, was found guilty of two counts of forgery. At sentencing, the trial court placed Justice on probation and imposed three probation conditionsthat Justice pay certain costs, that she not have a checking account, and that she be fingerprinted in open court. However, a subsequent written judgment was entered which contained numerous probation conditions not orally pronounced at sentencing.
Upon appeal, the district court held that a remand was required to resolve the discrepancy between the probation conditions imposed at sentencing and those contained in the written sentencing order. The court also held that the trial court could reimpose the unannounced conditions at resentencing. Justice, 658 So.2d at 1029. Judge Griffin dissented as to this latter holding and the *125 entire panel certified the question for review here.

ANALYSIS
Initially, we note the distinction that has been made in the case law between general and special conditions of probation. In State v. Hart, 668 So.2d 589 (Fla.1996), we held the order of probation form found in Florida Rule of Criminal Procedure 3.986(e) constitutes sufficient notice to probationers of those general terms of probation contained in conditions one through eleven of the form, such that oral pronouncement of these general conditions at sentencing by the trial court is unnecessary. However, under Hart, any other special conditions of probation not contained in paragraphs one through eleven of the rule 3.986(e) form, or in the Florida Statutes on probation, must be orally pronounced and imposed at sentencing.
Justice's probation order contains numerous special probation conditions that were not orally pronounced, and that are not found within the Florida Statutes or contained within the general conditions of the rule 3.986(e) form. Consequently, under Hart, the trial court erred in adding special conditions of probation in the subsequent probation order that were not orally pronounced at the original sentencing hearing.
The requirement that special conditions of probation be pronounced in open court at the time of sentencing arises in part from Florida Rule of Criminal Procedure 3.700(b), which mandates that the sentence or other final disposition "shall be pronounced in open court." The requirement also addresses due process concerns that a defendant have notice and an opportunity to object. See generally Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). Application of the dictates of rule 3.700 to conditions of probation is consistent with our prior holdings that probation is among the sanctions that may be imposed in sentencing in criminal proceedings. See Lippman v. State, 633 So.2d 1061 (Fla.1994); Larson v. State, 572 So.2d 1368 (Fla.1991); see also Poore v. State, 531 So.2d 161, 164 (Fla.1988) (characterizing probation as one of the "five basic sentencing alternatives").
Most of the decisions which strike special conditions of probation not imposed at the sentencing hearing appear to be grounded on a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary. Vasquez v. State, 663 So.2d 1343, 1349 (Fla. 4th DCA 1995); see, e.g., Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). Generally, courts have held that a written order must conform to the oral pronouncement as mandated by rule 3.700 because the written sentence is usually just a record of the actual sentence required to be pronounced in open court. Vasquez, 663 So.2d at 1349. Consequently, when the written order conflicts with the oral pronouncement, the oral pronouncement prevails. Id.; see Johnson v. State, 627 So.2d 114 (Fla. 1st DCA 1993) (holding that trial court's oral pronouncement that defendant would receive credit for time served since arrest controlled over resentencing form which erroneously credited him with only partial time served since arrest); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982) (holding that mandatory minimum sentence orally pronounced but not incorporated in written sentence was valid part of sentence because written sentence is merely record of actual sentence pronounced in open court).
Some cases have held that the subsequent imposition of new conditions or terms to a sentence or order of probation violates a defendant's constitutional right against double jeopardy. In Lippman v. State, 633 So.2d 1061 (Fla.1994), the trial court modified the defendant's probation eight months into the defendant's probationary term.[2] In our review, we first indicated that the additional conditions imposed by the trial court constituted *126 enhancements of the original sentence rather than modifications. Id. at 1064. We then held that the double jeopardy protection against multiple punishments for the same offense includes "the protection against enhancements or extensions of the conditions of probation." Id. Accordingly, we concluded that the trial court's enhancement of the terms of the defendant's probation violated the double jeopardy prohibition. Id.; see also Clark v. State, 579 So.2d 109 (Fla.1991) (holding that absent proof of violation, trial court cannot change order of probation or community control by enhancing terms thereof, even if defendant has agreed in writing to allow modification and has waived notice and hearing).
Disallowing the reimposition of special conditions of probation not previously announced is also consistent with the sentencing policy announced in Pope v. State, 561 So.2d 554 (Fla.1990), and the mandate of section 921.141(3), Florida Statutes (1995). In Pope, we refused to permit trial courts to depart from the sentencing guidelines after a reversal of a departure sentence because of the failure to initially provide written reasons for departing.[3] Our ruling was guided by the policy of avoiding multiple appeals, multiple resentencings, and unwarranted efforts to justify an original departure. Id.[4] Judge Griffin's dissent in this case correctly refers to those same concerns:
An order of probation, like any other aspect of sentencing, ought not be a work in progress that the trial court can add to or subtract from at will so long as he or she brings the defendant back in and informs the defendant of the changes. To permit this would mean a lack of finality for no good reason and multiple appeals. It is not too much to ask of a sentencing judge to decide on and recite the special conditions of probation at the sentencing hearing, just as is done with the balance of the sentence. If the court has omitted a condition it wishes it had imposed, its chance has passed unless the defendant violates probation.
Justice, 658 So.2d at 1032, 1035-36 (Griffin, J., dissenting) (citation omitted). We agree with this reasoning. Further, just as we have barred the imposition of special conditions of probation after the conclusion of the sentencing hearing, we find that it would be improper and unfair for unannounced special conditions of probation to be added upon resentencing.

CONCLUSION
In conclusion, we hold that where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing. Accordingly, we quash the decision below and approve the decisions from the First, Second, and Fourth Districts referred to herein that are consistent with our opinion today.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] First District: see, e.g., Jamail v. State, 637 So.2d 362 (Fla. 1st DCA 1994); Christobal v. State, 598 So.2d 325 (Fla. 1st DCA 1992); Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). Second District: see, e.g., Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995), quashed, 667 So.2d 191 (Fla.1996); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Peterson v. State, 645 So.2d 84 (Fla. 2d DCA 1994); Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). Fourth District: see, e.g., Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA), review dismissed, 666 So.2d 145 (Fla.1995); Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994); Skiff v. State, 627 So.2d 614 (Fla. 4th DCA 1993).
[2] The court modified the defendant's probation by: (1) extending the term from two to seven years; (2) ordering the defendant to pay for and successfully complete the Mentally Disordered Sex Offender program; (3) prohibiting the defendant's participation in any job or activity where he would wear a police-type uniform or use police-type equipment; and (4) restricting the defendant's contact with his immediate family until the entire family entered a program for family members of mentally-disordered sex offenders and all therapists approved contact with the family. Id. at 1063.
[3] Just as the rule in this caseoral pronouncement of sentence is requiredis derived from the Florida Rules of Criminal Procedure, so is the rule in Pope. Florida Rule of Criminal Procedure 3.701(d)(11) provides: "Any sentence outside the permitted range must be accompanied by a written statement delineating the reasons for the departure."
[4] As in Pope, a trial court does not get a second bite at the apple when it fails to file written findings in a death case. Section 921.141(3), Florida Statutes (1995), requires a trial court, in the event it imposes a sentence of death, to set forth in writing its findings upon which the sentence of death is based. The failure of a trial court to do this causes a defendant's sentence to be reduced to life imprisonment. § 775.082(1), Fla Stat. (1995). Upon remand, a trial court cannot refurbish its sentencing order and then still sentence the defendant to death. One policy underlying this requirement is that it forces the trial court to consider, with calm and deliberate reflection, the evidence adduced, and to carefully consider and apply the legal standards for determining an appropriate sentence.