678 So.2d 1339 (1996)
Jeffrey RINGLING, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00688.
District Court of Appeal of Florida, Second District.
July 26, 1996.
*1340 James Marion Moorman, Public Defender, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant pled nolo contendere to manufacture of cannabis and possession of paraphernalia. On appeal, he specifically reserved the right to appeal the denial of his motion to suppress. He has also challenged certain aspects of his sentencing. Although we have found no error in the court's denial of appellant's motion to suppress, we have found various errors in the conditions of probation and costs imposed.
Officer Catanzarita testified at the suppression hearing that appellant lives in a rented mobile home in a mobile home park. After receiving numerous complaints from other residents concerning heavy foot traffic coming from and going to appellant's trailer, the manager of the trailer park asked Officer Catanzarita to investigate. There had also been rumors that appellant had marijuana plants growing inside the trailer. Pursuant to his investigation, Officer Catanzarita obtained the manager's permission to walk around the park and, specifically, to observe appellant's trailer.
After observing appellant's trailer, Officer Catanzarita requested the aid of a drug sniffing dog. When the dog was brought to the rear side of appellant's trailer, the dog alerted and scratched on the side of the trailer. At this point, Officer Catanzarita and Officer New, the canine officer, went to the trailer's front door and, according to the officers, obtained appellant's consent to search the trailer. The officers also said that when they advised appellant that they were looking for drugs and that the dog had alerted, appellant told them that he had marijuana plants in the back of the trailer.
Appellant testified, however, that he did not give consent until after the officers had obtained their evidence. He also testified that he signed the consent to search form under duress because he was afraid the officers would shoot his dog.
The court denied appellant's motion to suppress, put him on drug offender probation and imposed numerous conditions of probation and costs.
We first address appellant's challenge to the court's denial of his motion to suppress. Without reaching the question of whether the area surrounding the trailer was a constitutionally-protected area as to which appellant had a reasonable expectation of privacy, we conclude that the court was correct in denying appellant's motion to suppress solely on the basis of the officer's testimony that appellant consented to the search. Although appellant testified that he did not consent, the trial court, as finder of fact, was entitled to weigh conflicting testimony. We cannot find that the court erred in believing the officer. Accordingly, we affirm the denial of the motion to suppress.
Next, appellant contends that the court erred in placing him on drug offender probation. Under section 948.01(13), Florida Statutes (1993), a defendant who is a chronic substance abuser and whose criminal conduct is a violation of chapter 893 may be placed on drug offender probation. Appellant's prior criminal offenses, cultivation and possession of marijuana, are violations of chapter 893. Appellant's current offenses, manufacture of cannabis and possession of paraphernalia, are also drug offenses. These offenses clearly establish appellant as a chronic substance abuser. The court did not err in placing appellant on drug offender probation.
Finally, appellant challenges numerous conditions of probation and the imposition of certain costs. We will address each in turn:
1. Intoxicants (Condition 7: "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances *1341 are unlawfully sold, dispensed, or used.")
Under State v. Hart, 668 So.2d 589 (Fla. 1996), this condition need not be orally pronounced because it is contained in the list of conditions in Florida Rule of Criminal Procedure 3.986. We find no error here.
2. Carrying Weapons (Condition 4: "You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.")
This condition is valid under Hart.
3. Alcohol/Drug Evaluation (Special condition 12: "You will submit to an alcohol and/or drug evaluation through the treatment agency to which you are referred. You will successfully complete all treatment recommended by said evaluation. You will pay any fees for evaluation, referral and treatment.")
That portion of this condition which requires appellant to pay for his drug and alcohol evaluation must be stricken. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Moreover, it may not be reimposed on remand since it was not orally announced. See Justice v. State, 674 So.2d 123 (Fla.1996).
4. Alcohol/Drug Testing (Special condition 14: "You will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.")
While that portion of this condition that provides for random drug testing is a valid general condition of probation that need not be pronounced, that portion of condition 14 that requires appellant to pay for the testing was not pronounced and must be stricken under Nank. See § 948.03(1)(j)1., Fla.Stat. (1993). Further, the payment requirement may not be reimposed on remand under Justice.
However, we must strike condition 15 ("You shall not consume any alcoholic beverages, nor will you visit businesses where the main source of income is the sale of alcoholic beverages.") and condition 16 ("You will abide by a curfew of 9:00 p.m. if directed by probation officer."), since they are special conditions that were not orally pronounced. Moreover, they may not be reimposed on remand under Justice.
5. $270 Court Costs.
Court costs were improperly imposed without statutory reference. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). They must be stricken.
6. $50 Court Improvement Fund.
There is no legal basis for this cost; it must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
7. $2 Cost.
Since this cost was not announced at sentencing, it must be stricken. See Wilson v. State, 651 So.2d 1302 (Fla. 2d DCA 1995).
Accordingly, while we affirm the court's denial of appellant's motion to suppress, we strike the conditions of probation and costs enumerated above.
PARKER and FULMER, JJ., concur.