W. SHARP, Judge.
Hester appeals from her conviction and sentence after a jury found her guilty of robbery with a deadly weapon. We affirm in all regards except for the imposition of a public defender’s lien for fees, and two special conditions for probation: one requiring payment of $2.00 per month to the Correctional Officer Training Fund; the other, assessing $30.00 for “Drug Testing Fees.”
In this case, the lien for public defender fees was imposed without advising defendant of the opportunity to object, although the fee was announced at sentencing. This fee is part of the “charges/costs fees” portion of the Standard Forms for Judgment and Sentence. On remand, the trial judge may reimpose the fee, after complying with Florida Rule of Criminal Procedure 3.720(d)(1), by giving the defendant notice and an opportunity to object.
We strike the special condition of probation requiring payment of $2.00 per month to the Correctional Officer Training Fund. That fund was merged with the Criminal Justice Training Trust Fund in 1986.[1] In this case, a fee was separately assessed for that surviving fund.
We also strike the special condition which assessed $30.00 for a “Drug Testing Fee.” This assessment was not separately announced at sentencing. Failure to orally announce special conditions of probation at sentencing, as opposed to general conditions,[2] which are set forth in the probation form in the rules of criminal procedure, requires us to strike this special condition.
Accordingly we strike the two special conditions discussed above. On remand none of the special conditions above can be reimposed. Justice v. State, 674 So.2d 123 (Fla.1996). We strike the lien for public defender fees because it was not entered in compliance with Florida Rule of Criminal Procedure 3.720(d)(1). On remand, after giving the defendant notice and an opportunity to object, the trial court may reimpose the public defender lien for fees.
AFFIRMED in part, Special Conditions of Probation and Public Defender Lien STRICKEN; REMANDED.
DAUKSCH and COBB, JJ., concur.

. Ch. 86-187, § 11, Laws of Fla.

. See State v. Hart, 668 So.2d 589 (Fla.1996).