HARRIS, Judge.
Eric Stephens robbed an ABC liquor store using a firearm. He was observed by Dan Lanci, Rhonda Michaels and Shelly Timmer-man. He was subsequently apprehended and, based on identification of these witnesses, was convicted of robbery with a firearm and aggravated assault. He appeals; we affirm his conviction but reverse that portion of his sentence which imposes unauthorized assessments and conditions not mentioned at sentencing.
Stephens contends that the witness identification resulted from an impermissibly suggestive photo lineup. The pictorial lineup is a single sheet containing six individual pictures. All of the pictures are of black men of similar age; all have similar hair styles and similar facial hair. While it is true that the face of the defendant stands out slightly because his picture is somewhat larger than the others, other pictures in the lineup are also distinctive in that either the shoulders of the person pictured (as opposed to merely their necks) are shown or the type of shirt (open-collar, T-shirt, or undershirt) is revealed. The trial judge ruled that the lineup was not unduly suggestive. We find no error in this ruling. The defense was permitted to argue the suggestiveness of the lineup to the jury, which also rejected the contention.
We agree that the court erred in imposing conditions of probation not mentioned during the sentencing hearing (Justice v. State, 674 So.2d 123 (Fla.1996)) and in imposing a fee for “First Step of the Fifth Judicial Circuit, Inc.” since the fee was not mentioned at sentencing and in any case there was no authority for the assessment at the time of the offense.
We find Stephen’s other point to be without merit.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
W. SHARP and ANTOON, JJ., concur.