787 So.2d 193 (2001)
Doyle CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-833.
District Court of Appeal of Florida, First District.
May 15, 2001.
Nancy A. Daniels, Public Defender, and Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
We affirm appellant's conviction and sentence in all respects, except the imposition of the $50 public defender lien and the special condition of appellant's probation that he "bear the costs" of random urinalysis drug testing. Appellant challenged the imposition of these costs in a postsentencing motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), on grounds that neither of these costs had been orally pronounced by the trial court at the time of sentencing. We agree that the inclusion of these unannounced costs in the written judgment was error. See State v. Williams, 712 So.2d 762, 764 (Fla. 1998)("[T]he requirement that a defendant *194 pay for drug testing is a special condition of probation which the trial court must pronounce orally at sentencing."); Dodson v. State, 710 So.2d 159, 160 (Fla. 1st DCA 1998)("[A] public defender's fee cannot be imposed without notice and an opportunity to be heard to contest the amount."), opinion quashed on grounds that error had not been properly preserved, State v. Dodson, 760 So.2d 145 (Fla.2000). We, therefore, reverse the imposition of these costs and remand to the trial court with directions to strike the special condition of probation requiring appellant to "bear the costs" of the random urinalysis, and to allow appellant an opportunity to contest the imposition of the public defender lien. On remand, the trial court may not reimpose the special condition requiring appellant to pay for the urinalysis drug testing. See Justice v. State, 674 So.2d 123, 126 (Fla. 1996)("[W]e hold that where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon re-sentencing.").
BOOTH, WOLF and LEWIS, JJ., concur.