PER CURIAM.
Appellant, David Burch, claims error as to various conditions of his probation imposed by the trial court in its written order below. Specifically, he challenges the portions of the probation order requiring him to pay for random drug and alcohol testing; to pay a 4% surcharge on all payments ordered by the court; and to pay $1.00 per month to First Step, Inc. of Jackson County. None of these conditions were orally pronounced at sentencing.
The State concedes error as to the first two conditions, and we therefore reverse and remand as to the requirement that Appellant pay for drug and alcohol testing[1] and as to the 4% surcharge. See Justice v. State, 674 So.2d 123, 125 (Fla.1996); State v. Hart, 668 So.2d 589, 592-593 (Fla.1996); State v. Porchia, 716 So.2d 766 (Fla.1998); Klug v. State, 667 So.2d 956 (Fla. 1st DCA 1996). On remand, the trial court must issue an amended written probation order, and it may not reimpose these special conditions. See Carter v. State, 787 So.2d 193, 194 (Fla. 1st DCA 2001); Justice, 674 So.2d at 125 (Fla.1996).
We affirm as to the $1.00 per month payment to First Step, Inc., which is a statutory general condition of probation that the trial court was free to impose in its written order without first announcing it at sentencing. See § 948.03(l)(o), Fla. Stat.; Justice, 674 So.2d at 125; Hart, 668 So.2d at 592-593 (Fla.1996).
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, BROWNING and POLSTON, JJ., concur.

. In contrast to payment for the testing, that portion of the order requiring that Appellant submit to random drug and alcohol testing was not error, thus we do not reverse as to this particular part of the order. Submission to drug and alcohol testing is a general condition of probation, authorized by section 948.03(l)(k)l, Florida Statutes. Therefore, there was no need for it to be pronounced orally at sentencing. See § 948.03(l)(k)l, Fla. Stat.; Brock v. State, 688 So.2d 909 (Fla.1997); Torres v. State, 712 So.2d 1169 (Fla 2d DCA 1998). Appellant does not specifically argue that the requirement to submit to testing was error, but we distinguish between these two aspects of the order to avoid any possible confusion.