ON MOTION FOR REHEARING

WARNER, J.
We deny the motion for rehearing. Petitioner contends that failing to require oral pronouncement of the disposition violates due process, citing to State v. Williams, 712 So.2d 762, 764 (Fla.1998), and Justice v. State, 674 So.2d 123, 125 (Fla.1996). However, in each of those cases the supreme court acknowledged that the preference of the oral imposition of sentence over the written order was a matter of judicial policy. See id. It is not constitutionally compelled. Indeed, in Hill v. U.S. ex rel Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), Justice Cardozo stated “[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court.”
In Justice, the supreme court addressed the question of whether special conditions *428 of probation must be orally stated at sentencing. The court noted,
The requirement that special conditions of probation be pronounced in open court at the time of sentencing arises in part from Florida Rule of Criminal Procedure 3.700(b), which mandates that the sentence or other final disposition ‘shall be pronounced in open court.’ The requirement also addresses due process concerns that a defendant have notice and an opportunity to object. See generally Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992).
674 So.2d at 125.[1] In Olvey, the court did suggest that oral pronouncement of the sentence was necessary to allow the defendant the opportunity to object contemporaneously and preserve the issue for appeal. However, at the time Olvey was decided, Rule 3.800 did not permit a post-sentence motion to correct a sentencing error. That provision was not added until 1996. Due process is satisfied by preserving a defendant’s opportunity to object to a sentence through filing a motion to correct a sentencing error. See Fla. R.Crim. P. 3.800(b).
Similarly, under Florida Rule of Juvenile Procedure 8.135(b) a juvenile may object to a disposition order by filing a motion to correct. Therefore, the juvenile’s due process rights are preserved, not only by permitting the juvenile to present information and argument to the court at the disposition hearing, but also by moving to correct a disposition when actually entered.
We certify conflict, however, with A.L. v. State, 790 So.2d 1149, 1150 (Fla. 2d DCA 2001); S.D.W. v. State, 746 So.2d 1232, 1234 (Fla. 1st DCA 1999); C.A. v. State, 685 So.2d 1036, 1037 (Fla. 3d DCA 1997); T.A.R. v. State, 640 So.2d 222, 222 (Fla. 5th DCA 1994); and L.M. v. State, 610 So.2d 1314, 1317 (Fla. 1st DCA 1992).
KLEIN and MAY, JJ., concur.

. When the Florida Rules of Criminal Procedure were adopted in 1968, Rule 3.700 was included as a rewrite of section 921.05, Florida Statutes (1966), which required the pronouncement of a sentence in open court. See Washington v. Mayo, 77 So.2d 620, 622 (Fla.1955).