IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANGEL LUIS SANTIAGO, JR.,

      Appellant,

 v.                                     Case No. 5D16-758

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 1, 2017

Appeal from the Circuit Court
for Osceola County,
Jon B. Morgan, Judge.

James S. Purdy, Public Defender, and
Glendon G. Gordon, Jr, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

      Angel Santiago challenges his sentence imposed by the trial court following a jury trial at which he was convicted of burglary of a dwelling with an assault or battery. The sole issue raised in this direct appeal is whether the trial court erred in denying Santiago's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error alleging

that the written judgment and sentence conflicted with the court's oral pronouncement of sentence. For the following reasons, we affirm.

The transcript of the sentencing hearing reflects that the trial court sentenced Santiago to serve 48.075 months in prison, specifically stating that it would be "nonconsecutive to any other sentences you may be serving." The written sentencing documents provided, however, that Santiago's sentence would run consecutively to any other sentence being served. Santiago thereafter filed his rule 3.800(b)(2) motion, arguing that the written sentence is erroneous and illegal because the court's oral pronouncement of the "nonconsecutive" sentence controls over the written sentence. Following a hearing, the trial court denied Santiago's motion, finding that the transcript was in error and that the written judgment and sentence is correct and complies with the court's oral pronouncement.[1]

"Generally, courts have held that a written order must conform to the oral pronouncement . . . because the written sentence is usually just a record of the actual sentence required to be pronounced in open court." *State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011) (quoting *Justice v. State*, 674 So. 2d 123, 125 (Fla. 1996)). Thus, "when there is a discrepancy between the written sentence and 'the oral pronouncement, the oral pronouncement prevails.'" *Id.* (quoting *Justice*, 674 So. 2d at 125). Typically, the parties will agree that where a discrepancy exists between the oral pronouncement and the written sentence, the written judgment and sentence must be corrected. However, where, as here, the State does not concede error, the "conflict between the oral pronouncement and the written order requires a factual resolution by the trial court." *Enchautegui v. State*,

_____

[1] A transcript of this hearing is not contained in our record.

2

749 So. 2d 550, 551 (Fla. 2d DCA 2000) (citing *Tory v. State*, 686 So. 2d 689 (Fla. 4th DCA 1996)); *accord Manual v. State*, 547 So. 2d 726 (Fla. 2d DCA 1989) (holding that where the written judgment and sentence do not conform to the oral pronouncement, on remand, the State may attempt to establish that the error was caused by the court reporter).

We find that the trial court properly addressed the discrepancy before it. In this case, the court reporter filed an affidavit subsequent to the hearing, correcting the transcript to read that the trial court did orally pronounce that Santiago's sentence would run consecutively to any other active sentence. *See Duncan v. State*, 59 So. 3d 1197, 1199 (Fla. 5th DCA 2011) (holding that "[i]f the trial court finds after appropriate investigation that the transcript of the digital recording of the proceedings was incorrect, then a correction to the transcript should be created").[2]

Accordingly, we affirm Santiago's conviction and sentence.

AFFIRMED.

COHEN, C.J., and ORFINGER, J., concur.

---

[2] Prior to the filing of the reply brief, we granted Santiago's counsel's motion to further supplement the appellate record with the disc of the actual audio recording of the trial court's oral pronouncement of sentence. In his reply brief, counsel represented that he reviewed the audio recording of the pronouncement of sentence and conceded that the trial court pronounced that Santiago's sentence would, in fact, run consecutively to any other active sentence. We appreciate counsel's candor.