# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3068
_____

SENECA LEVAIL ADDISON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

August 28, 2024


PER CURIAM.

Appellant Seneca Addison appeals his judgment and sentence for fleeing or attempting to elude a law enforcement officer. He advances several arguments for reversal. He challenges the trial court's denial of his motion for judgment of acquittal and motion for new trial, which we have carefully considered and affirm without further discussion. He also challenges the trial court's denial of his motion to correct sentencing error. We affirm the $100 cost of prosecution, the $2 cost for criminal justice education, and the $20 cost for the Crime Stopper Trust without further discussion. We write only to address the special condition that required him to pay $1 per month to First Step, and the scrivener's error in the order of community control and probation.

Appellant argues that the trial court erred by denying his motion to correct a sentencing error which requested the court strike the special condition that required him to pay $1 per month to First Step. Appellant argued that because the court did not announce the fee at sentencing, it could not be imposed later in the written order. At the sentencing hearing, the trial court utilized a written form that set out the costs and fines the court was imposing. The form was provided to Appellant. It was signed by Appellant's trial defense counsel. It expressly waived the oral pronouncement of the discretionary costs that were being imposed. The court orally announced that "you have fines and costs that your attorney initialed off on." The form has a check box that says "$1.00 per month First Step, Inc." All of this would be sufficient, except that the box was not checked. Other mandatory and discretionary costs and fines were checked, but not the First Step monthly condition. Therefore, because Appellant was not informed that this fine would be imposed, the court cannot impose it later in the written order. *See Carter v. State*, 787 So. 2d 193 (Fla. 1st DCA 2001) (holding that a trial court cannot impose a special condition of probation not announced at the sentencing hearing). We therefore reverse the imposition of this special condition and remand to the trial court with directions to strike it.

Appellant also challenges the trial court's denial of his motion to correct a scrivener's error that indicated he had plead guilty. We direct the trial court to correct the scrivener's error in the order of community control and probation to reflect that Appellant was found guilty by a jury trial rather than having entered a plea. *See Rivas v. State*, 338 So. 3d 1098, 1099 (Fla. 5th DCA 2022). We note that these corrections do not require the presence of the accused.

AFFIRMED in part, REVERSED and REMANDED in part.

ROBERTS, WINOKUR, and LONG, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant Attorney General, Tallahassee, for Appellee.