# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0614
LT Case No. 2024-101182-CFDB

_____

DOSIA TREMAINE STEWART,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Karen A. Foxman, Judge.

Matthew J. Metz, Public Defender, and Darnelle Paige Lawshe, Assisitant Public Defender, Daytona Beach, for Appellant.

Dosia Tremaine Stewart, Lake City, pro se.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.

June 12, 2026

PER CURIAM.

    AFFIRMED.

JAY, C.J., and KILBANE, J., concur.

LAMBERT, J., concurs, with opinion.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

LAMBERT, J., concurring.

Dosia Stewart was convicted, as charged, at trial of aggravated battery, in violation of section 784.045(1)(a)1., Florida Statutes (2023), which is a second-degree felony. The jury separately found that Stewart actually possessed and discharged a firearm that resulted in great bodily harm. Under these circumstances, section 775.087(1)(b), Florida Statutes (2023), permits the reclassification of this second-degree felony to a felony of the first degree. *See Lareau v. State*, 573 So. 2d 813, 815 (Fla. 1991).

Stewart was also prosecuted under what is known as Florida's 10-20-Life statute, codified at section 775.087(2), Florida Statutes. Under section 775.087(2)(a)3., any person convicted of one of the enumerated felonies listed in the statute, regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of such felony, such person discharged a firearm resulting in death or great bodily harm inflicted upon any person "shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison."

Stewart's conviction here for aggravated battery is one of the enumerated felonies under this statute. *See* § 775.087(2)(a)1.f., Fla. Stat. The jury's specific findings that Stewart actually possessed and discharged a firearm that resulted in great bodily harm thus required that he be sentenced to a minimum mandatory term of imprisonment of twenty-five years up to life.

The trial court orally announced that it was sentencing Stewart "under 10-20-Life" to serve life in prison. The written judgment and sentence imposed thereafter shows Stewart's sentence on this count to be life in prison, but later includes Stewart as serving a minimum mandatory term of twenty-five years under this statute.

3

The written judgment is inconsistent with the court's oral pronouncement of sentence, which is what controls. *See Santiago v. State*, 227 So. 3d 692, 693 (Fla. 5th DCA 2017) ("[W]hen there is a discrepancy between the written sentence and 'the oral pronouncement, the oral pronouncement prevails.'" (quoting *State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011))). The trial court never announced a twenty-five-year mandatory minimum sentence; rather, it announced a life sentence. And based on the jury's express factual findings, a mandatory minimum sentence of life in prison under the 10-20-Life statute for this first-degree felony is permitted and is lawful, even though it exceeds the statutory cap of thirty years for the offense. *See* § 775.082(3)(b), Fla. Stat.; *Mendenhall v. State*, 48 So. 3d 740, 742 (Fla. 2010) (holding that the trial court has the discretion under the 10-20-Life statute to impose a mandatory minimum sentence of twenty-five years to life, even if the mandatory minimum exceeds the statutory maximum provided for in section 775.082).

In other words, Stewart's mandatory minimum sentence of life in prison is lawful. However, a sentence of life in prison with a twenty-five-year mandatory minimum term for this first-degree felony, as the written judgment here arguably shows, is not. *Cf. Hatten v. State*, 203 So. 3d 142, 145 (Fla. 2016) (noting that while the trial court could have imposed its total forty-year sentence as a mandatory minimum sentence under the 10-20-Life statute despite it exceeding the thirty-year maximum for a first-degree felony under the general sentencing statute, the defendant's forty-year sentence with a twenty-five year minimum mandatory provision is not permitted absent some additional statutory authority). However, the error in Stewart's written judgment and sentence has not been preserved for review.

A second problem exists with the written judgment and sentence on this count. Stewart stipulated that he qualified for sentencing as a Prison Releasee Reoffender ("PRR"), and the court also orally sentenced him as such. Under section 775.082(9), the portion of Stewart's sentence being served as a PRR cannot exceed the statutory cap of thirty years' imprisonment. Stewart's written judgment contains the PRR designation as announced, but it does not reflect the first thirty years of the sentence as being served as a PRR. Instead, it shows Stewart serving a life sentence as a PRR

4

as well, which is not authorized. Stewart's counsel noted this error in passing, but pragmatically observed that any correction in the written judgment will have no substantive effect on his sentence.

Which, in light of the mandatory minimum life imprisonment sentence on this count under the 10-20-Life statute, is true. Moreover, Stewart separately tendered an open, nolo contendere plea to a count of possession of a firearm by a Violent Career Criminal, in violation of section 790.235, Florida Statutes, which is a first-degree felony. Stewart also stipulated that he qualified under section 775.084(1)(a), Florida Statutes, for sentencing as a Habitual Felony Offender ("HFO"). The trial court accepted Stewart's plea; adjudicated him guilty; and sentenced Stewart as a HFO to serve life in prison on this count, to be served concurrently with his mandatory minimum life sentence on count one for aggravated battery. Stewart's HFO life imprisonment sentence is lawful, *see* § 775.084(4)(a), Fla. Stat.; and no error has been demonstrated that the trial court's acceptance of Stewart's plea on this count and its resulting sentence were erroneous.

Accordingly, I concur with the majority's affirmance of Stewart's convictions and sentences on both counts but write to encourage trial courts and counsel to remain vigilant in the preparation and review of the written judgments and sentences issued.

5